Bissell, J.
The construction and operation of a ditch in Montezuma county occasioned the damages for which the appellee brought this suit against the water company. According to his complaint and his proof, the Colorado Cons'olidated Land and Water Company was organized on the *402 21st day. of May, 1890. It was the result of a consolidation of the Colorado Water Supply Company, and the Dolores No. 2 Land and Canal Company, incorporated under the title of the present defendant. There was considerable controversy in the case in regard to the occasion and extent of the injury done, but the jury found a verdict in favor of Morris for flOO, for which judgment was entered. During the progress of the trial some question was made concerning the plaintiff’s title to the property which raised a doubt as to his right to recover. This difficulty the plaintiff sought to overcome by introducing his declarat&ry statement for a pre-emption claim, filed in the proper United States Land Office, bearing date. April 25, 1888. He likewise introduced a receiver’s receipt, of date December 16, .1890,. for the entry of the same indentical land as a homestead under the federal statute. The conflict in the two evidences of. title however was avoided by proof of a relinquishment on his part of the pre-emption filing, executed and acknowledged on the 13th of December, 1890. The suit was commenced on the 9th day of December, 1890, by the issue and service of a summons and the filing of a complaint, according to the provisions of the code. There are two obstacles to the affirmance of this judgment. The first comes from the proof offered concerning the injury, and the second grows out of the status of the title as the appellee proved it.
The allegations of the complaint very properly charged that the appellant corporation was the result of a consolidation between the two pre-existing corporate bodies. It was sought by apt averment to charge the Consolidated Company for the wrong done by one of the companies which it absorbed. The evidence, however, clearly failed to show by what corporation the ditch which occasioned the injury was constructed. In a case - like the present where .the plaintiff seeks to hold a corporate body responsible for the acts of a corporation included in it, it is incumbent upon him to make proof that the wrongs complained of were committed by that entity, because not otherwise under the statute can the re *403 sultant body be held liable. It is no violation of the well established rules and principles of the appellate courts of Colorado to treat this as reversible error, since the question depends neither upon the weight nor the preponderance of testimony, but is raised upon the broad ground of a complete failure of proof in this essential particular.
The situation and condition of the title which Morris put in evidence is equally conclusive' upon his right to recover. He brought his suit on the 9th day of December, 1890, at which time according to the record he was in the possession of the land under the pre-emption filing.
It is wholly unnecessary to determine, the limit which the law places upon his right to recover, in this sort of an action, upon the basis of that kind of a title, though the question seems to have been determined in Knoth v. Barclay, 8 Colo. 300.
The plaintiff failed to bring himself even within the terms of that decision, since subsequent to the institution of his suit he abandoned his pre-emption filing and initiated a new title by a homestead entry, made four days after the commencement of his suit. It is very clear that since he voluntarily surrendered whatever title he had to the premises subsequent to the bringing of his action, the suit could not be maintained on the after-acquired title. According to all-well settled rules the right of action must exist at the time of the commencement of the suit. Nor did the appellee bring himself within any exception to this rule, by making proof of any injury to improvements which were on the land while it was in his rightful possession. The record likewise discloses, in this connection, an error committed by the court in the receipt of evidence concerning the injury antecedent to the inception of the title which the plaintiff himself put in evidence. Clearly whatever damages he may have sustained prior to his homestead entry, on the 13th day of December, 1890, could not be recovered upon proof simply of that title. If he had any right to recover by reason of the erection of improvements, or rightful occupancy *404 of the land, which would under the statute secure to him a cause of action for injuries of this description, it was incumbent upon him to make proof of such a title as would sustain the recovery. He completely failed in this particular, and the judgment 'cannot be upheld. There are other errors assigned and argued by counsel, but they are not likely to arise upon any subsequent hearing of this controversy, and it is wholly unnecessary to consider or dispose of them.
For the reasons assigned this judgment must be reversed and remanded for further proceedings in conformity with this opinion.

Reversed.